rived no benefit or advantage, as consideration for signing the same, but that they were merely accommodation sureties. Lottier & Wade were the principals in one bond, Robert Walter was the principal in the other.

It is conceded that if any assets should be realized from the separate estates of the sureties, those assets should be applied to the payment of this debt in preference to the individual creditors of the respective bankrupts; so, also, it is conceded that if a surplus of the partnership assets should remain after the payment of the partnership debts, such surplus should be so applied. The principle of law applicable to this case, in my opinion, is, that partnership assets must be first applied to the debts of the partnership; and that as this debt is not a debt of the partnership, but simply a debt of the individual partners, the claim of the United States must be postponed until all the debts of the partnership shall be paid from the assets of the partnership. This principle of law is sustained by the decisions of all courts everywhere, and it is fully recognized by the thirty-sixth section of the bankrupt law [of 1867 (14 Stat. 534)], which provides, inter alia, as follows: "And after deducting out of the whole amount received by such assignee, the whole of the expenses and disbursements, the net proceeds of the joint stock shall be appropriated to pay the creditors of the co-partnership, and the net proceeds of the separate estate of each partner shall be appropriated to pay his separate creditors." The partnership property is a fund appropriated by law to the payment of the partnership debts, and, as the liability of the several partners on the bonds now under consideration is binding upon them as individuals, and not on them as partners in a firm, I am clearly of the opinion that the claim asserted by the collector to priority in the distribution cannot be sustained.

LEAVITT, District Judge. The opinion of the register on the question stated by him is affirmed, and the assignee of the bankrupts is directed to allow and adjust the claims against the sureties in the bonds described in favor of the United States, on the basis that the claims against said sureties are against them in their individual capacities, and not as members of said firm.

## Case No. 17,314.

In re WEBB et al.

[3 N. B. R. 720 (Quarto, 177);[1] 2 Chi. Leg. News, 313.]

District Court, S. D. New York. May 10, 1870.

BANKRUPTCY—DISCHARGE.

To entitle a bankrupt to discharge, the proceeds of his property to be divided among his

[1] [Reprinted from 3 N. B. R. 720 (Quarto, 177), by permission.]

creditors must be equal to fifty per cent. at the time of the hearing of the application for the discharge before the register.
[Cited in Re Kahley, Case No. 7,594; Re Van Riper, Id. 16,874; Re Vinton, Id. 16,951; Re Waggoner, 5 Fed. 917.]

Application of the bankrupts [Charles C. Webb and Thomas H. Taylor] for final discharge.

BLATCHFORD, District Judge. The proceeds of the bankrupts' property in the hands of their assignee, subject to be divided among their creditors, must, at the time of the hearing of the application for their discharge before the register, be then equal to fifty per centum of the amount of the claims proved against their estate, on which they are liable as principal debtors, in order to entitle them to discharge, unless the assent named in section 33 [of the act of 1867 (14 Stat. 533)] is filed. I concur with the view taken in Re Freiderick [Case No. 5,092].

## Case No. 17,315.

In re WEBB et al.

[6 N. B. R. 302.][1]

District Court, D. Kentucky. 1872.

BANKRUPTCY — ASSIGNEE'S LIABILITY FOR RENT.

A landlord's right to rent, against the bankrupt's estate, expires on the day of adjudication. If the assignee occupy the premises after that day, he, and not the estate, is liable for the rent; when, however, his occupancy is for the benefit of the estate, he will be credited by the rent he is obliged to pay.
[Cited in Bailey v. Loeb, Case No. 739; Re Hufnagel, Id. 6,837.]
[Cited in Deane v. Caldwell, 127 Mass. 244; Abbott v. Stearns, 139 Mass. 170, 29 N. E. 379.]

The bankrupt held a lease from Gustavus Schurman's estate, now in the hands of Robert Cochran, as receiver, by order of the Louisville chancery court, at an annual rental of two thousand seven hundred dollars, which lease expires on the first day of July, eighteen hundred and seventy-two. J. C. Webb & Co. were forced into bankruptcy on the ninth day of October, eighteen hundred and seventy-one, and the assignee took possession of the leased premises, and held the same up to January thirteenth, eighteen hundred and seventy-two, for the purpose of selling off the stock on hand, at which time the assignee paid all rent to January thirteenth, eighteen hundred and seventy-two, and offered to surrender the premises to the landlord, which surrender the landlord accepted, with the express understanding that he claimed the rent for the full term of the lease up to July first, eighteen hundred and seventy-two. The landlord afterwards rented the premises to another tenant at four hundred and fifty-two dollars and fifty cents less than J. C. Webb & Co. had agreed to pay to July first, eighteen hundred and seventy-two. The

[1] [Reprinted by permission.]

case came up in an agreed statement of facts. The landlord claimed a lien under the statute laws of Kentucky, which give the landlord a lien on the property of the tenant or sub-tenant on the leased premises for twelve months' rent, due or to become due. The assignee claimed that he had a right under the bankrupt act to surrender the lease, and that neither the assignee nor the bankrupt's estate were liable to pay the sum of four hundred and fifty-two dollars and fifty cents, claimed by the landlord.

BALLARD, District Judge. I am induced to the opinion that under the bankrupt act the landlord's right to rent against the bankrupt's estate expires on the day of the adjudication. If the assignee occupy the premises after that day, he, and not the estate, is liable for the rent. But, of course, when his occupancy is for the benefit of the estate, and is in fact beneficial, he will be credited by the rent which he is obliged to pay. In this case the rent should be paid to January thirteenth, eighteen hundred and seventy-two, and no longer.

=====

## Case No. 17,316.

### In re WEBB.

[Decided by the supreme court of New York, Second District, October 22, 1862. See 10 Pittsb. Leg. J. 106.]

=====

## Case No. 17,317.

### In re WEBB.

[4 Sawy. 326; 16 N. B. R. 258; 10 Chi. Leg. News, 27; 5 N. Y. Wkly. Dig. 174.] [1]

District Court, D. Nevada. Sept. 7, 1877.

BANKRUPTCY OF A PARTNER — JOINT CREDITOR — PROOF OF DEBT.

A joint creditor, in case of the separate bankruptcy of one member of the firm, has a right to prove his joint debt, and vote for assignee in the separate bankruptcy.

[In the matter of Watson T. Webb, a bankrupt.] Webb, at the time he was adjudged a bankrupt, was a member of the firm of Webb & Mallard. At the first meeting of his creditors the register permitted both joint creditors of Webb & Mallard and separate creditors of Webb to prove their debts and vote for assignee. But two votes were cast for assignee, one by a joint creditor for James Hood, and one by a separate creditor for A. H. Ricketts. The register declared a failure to elect, and, there being no opposition, appointed James Hood to be assignee. Exception was taken to the action of the register in allowing the joint creditor to prove and vote, and the point has been certified for decision. There is also an application on behalf of Ricketts for an order removing Hood and appointing him as assignee. The register certifies that the only assets surrendered are joint assets.

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 5 N. Y. Wkly. Dig. 174, contains only a partial report.]

Whitman & Wood, for petitioner.
James Hood, in person, opposed.

HILLYER, District Judge. Whether a joint creditor may prove his joint debt and vote for assignee, in case of the separate bankruptcy of one member of the firm, is the question to be decided. Under our present bankrupt law [14 Stat. 517], many important consequences result from the proof of a debt, or the having a provable debt. By section 5034 the choice of assignee is to be made by the "greater part in value and in number of the creditors who have proved their debts." If it can be shown, then, that the joint creditors have a right to prove their debts, it would seem to follow that they have a right to vote for assignee. While there are conflicting decisions as to the effect of such proof, so far as my search has gone, all agree that the joint creditors may prove their debts in the separate bankruptcy, under section 5067. That section allows "all debts due and payable from the bankrupt" to be "proved against the estate of the bankrupt." Section 6 of the bankrupt act of 1800 (2 Stat. 23) allowed the "creditors" of the bankrupt to prove their debts, and under this general designation of "creditors" it was the opinion of the supreme court that a joint creditor might prove his debt in a separate bankruptcy. Tucker v. Oxley, 5 Cranch [9 U. S.] 34. Speaking of the joint debt in that case, Marshall, C. J., says: "Although due from the company, yet it is also due from each member of the company." It was also held that a proviso, similar to our present section 5118, that "the discharge should not affect any person liable as partner with the bankrupt," while the act did provide for a discharge from all debts which were, or might have been, proved, removed all doubt as to the right of a joint creditor to prove against the estate of one partner in bankruptcy.

I should be content to rest my decision upon the language of the present bankrupt law and the authority of Tucker v. Oxley, but for the fact that the decisions under the existing law are not uniform.

It was held, directly, that the joint creditors could not vote for assignee in case of the separate bankruptcy of one partner. In re Purvis [Case No. 11,476]. Yet in that case the joint creditors had proved their debts, apparently without objection. In Wilkins v. Davis [Id. 17,664], Lowell, J., states the true rule to be that the joint creditors may prove and vote for assignee.

In the following cases the right of the partnership creditors to prove their debts in the separate bankruptcy is conceded: In re Frear [Case No. 5,074]; In re Pease [Id. 10,881]; U. S. v. Lewis [Id. 15,595]. But no question as to their right to vote for assignee arose.

There are a number of other cases which indirectly touch this question. They are those upon the effect of a discharge granted to one partner in his separate bankruptcy. The law is (section 5119) that "a discharge in bankruptcy, duly granted, shall * * * release the